UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

AUGUSTUS Z.,

                              Plaintiff,

                v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

                              Defendant.
_____

<u>DECISION AND ORDER</u>

21-CV-0149L

        Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

        On April 29, 2019, plaintiff, then fifty-four years old, filed an application for a period of disability and disability insurance benefits, alleging an inability to work since January 18, 2019. (Dkt. #12 at 11). That application was denied initially, and upon reconsideration. The plaintiff requested a hearing, which was held by teleconference on July 14, 2020, before administrative law judge ("ALJ") Vincent M. Cascio. The ALJ issued an unfavorable decision on August 14, 2020, finding plaintiff not disabled. (Dkt. #12 at 11-21). That decision became the final decision of the Commissioner when the Appeals Council denied review on December 2, 2020. (Dkt. #12 at 1-4).

        The plaintiff has moved for reversal of the Commissioner's determination and remand for further proceedings (Dkt. #13), and the Commissioner has cross moved (Dkt. #16) for judgment on the pleadings, pursuant to Fed. R. Civ. Proc. 12(c). For the reasons set forth below, the

plaintiff's motion is granted, the Commissioner's cross motion is denied, and the matter is remanded for further proceedings.

**DISCUSSION**

Determination of whether a claimant is disabled within the meaning of the Social Security Act follows a well-known five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520. The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

The ALJ's decision summarizes plaintiff's medical records, including treatment and records for chronic obstructive pulmonary disease, degenerative disc disease of the lumbar spine, and bipolar disorder, currently moderate. The ALJ concluded that these conditions together constituted a severe impairment not meeting or equaling a listed impairment. (Dkt. #12 at 13).

Applying the special technique for mental impairments, the ALJ found that plaintiff had moderate limitations in understanding, remembering, and applying information, moderate limitations in interacting with others, moderate limitations in concentration, persistence, and pace, and moderate limitations in adapting and managing himself. (Dkt. #12 at 14-16).

On consideration of the entire record, the ALJ found that plaintiff has the residual functional capacity ("RFC") to perform medium work (with the ability to lift 50 pounds at a time and frequently lift or carry objects that weigh up to twenty-five pounds, as well as engage in a "good deal of walking or standing," 20 C.F.R. § 416.967(b)). He can frequently climb stairs, ramps, ladders, ropes, and scaffolds, and can frequently balance, stoop, crouch, crawl, and kneel. He must avoid exposure to respiratory irritants such as fumes, odors, dust, gases, and poorly

ventilated areas. He can understand, remember, and carry out simple, routine, repetitive work-related tasks, with only occasional contact with the public, coworkers, and supervisors. Finally, the plaintiff is limited to a low-stress job, defined as requiring only occasional decision-making. (Dkt. #12 at 16).

When provided with this RFC as a hypothetical at the hearing, vocational expert Dawn Blythe testified that such an individual could perform plaintiff's past relevant work as a warehouse worker – not as he previously performed it, at the heavy exertional level, but as it is generally performed, at the medium exertional level. (Dkt. #12 at 21). The ALJ accordingly found plaintiff not disabled.

**I.     The ALJ's Assessment of Plaintiff's Mental RFC**

Plaintiff argues that the ALJ failed to properly assess plaintiff's RFC, and overlooked or failed to reconcile evidence from medical opinions which the ALJ had credited as "persuasive."

The Court agrees.

Pursuant to recent amendments to agency regulations, the Commissioner "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. §§404.1520c(a), 416.920c(a). Rather, the Commissioner will consider all medical opinions in light of five factors: (1) supportability; (2) consistency with other evidence of record; (3) the source's relationship with the claimant, including the length of the treatment relationship, the frequency of examinations, and the nature, purpose and extent of the treating or examining relationship; (4) area of specialization; and (5) any other factors that "tend to support or contradict a medical opinion or prior administrative medical finding." *Id*. at §§ 404.1520c(c), 416.920c(c).

The ALJ must articulate his consideration of the medical opinion evidence, including how persuasive he finds the medical opinions of record, and must specifically explain how the

supportability and consistency factors were weighed. *See Salleh D. v. Commissioner*, 2022 U.S. Dist. LEXIS 427 at *9-*11 (W.D.N.Y. 2022). "Although an ALJ may afford various weights to portions of a medical source opinion, the ALJ is still required to provide reasoning to support [his or] her various weight determinations," in order to permit meaningful judicial review. *Yasmine P. v. Commissioner*, 2022 U.S. Dist. LEXIS 154176 at *10 (W.D.N.Y. 2022).

Plaintiff was assessed by consulting psychologist Dr. Christine Ransom on October 18, 2019. (Dkt. #12 at 470-73). Dr. Ransom – who provided the only medical opinion concerning plaintiff's mental RFC based on an in-person examination – noted plaintiff's history of bipolar disorder, and his engagement in outpatient psychiatric treatment. Dr. Ransom's objective observations included "[t]hought processes . . . noted for some lack of coherence and goal directiveness," moderately pressured mood and effect, moderately impaired attention and concentration with the inability to perform serial 7s or serial 3s due to racing thoughts, and moderately impaired immediate memory. (Dkt. #11 at 471-72). She noted that the "results of the evaluation are consistent with an individual experiencing emotional distress, signs and symptoms of bipolar disorder with racing thoughts and difficulty with coherence." (Dkt. #11 at 472).

Dr. Ransom opined that plaintiff would have "moderate limitation[s] [i]n understanding, remembering and applying simple and complex directions and instructions, using reasoning and judgment to make work-related decisions, interact adequately with supervisors, coworkers, and the public, sustain concentration to perform a task at a consistent pace, sustain an ordinary routine and regular attendance at work, regulate emotions, control behavior, maintain wellbeing and be aware of normal hazards and take precautions . . . The results of the evaluation are consistent with a psychiatric condition of a moderate nature which will significantly interfere with the claimant's ability to function on a daily basis." (Dkt. #11 at 472-73).

The ALJ found Dr. Ransom's opinion to be "persuasive as it is supported by Dr. Ransom's thorough exam," and noted that it was "consistent with treatment notes that show the claimant continues to experience some symptoms of concentration, self-isolation, and memory issues." (Dkt. #12 at 19-20). In applying the special technique, the ALJ concluded, consistent with Dr. Ransom's opinion and other evidence of record, that plaintiff had "moderate" limitations in every functional area. (Dkt. #11 at 14-16). However, in making his RFC determination, the ALJ did not explicitly incorporate any limitations to account for moderate difficulties in, e.g., remembering and applying simple instructions and maintaining regular attendance, or explain why the inclusion of such limitations was not necessary. Stated differently, the ALJ purported to accept Dr. Ransom's opinion, but seemingly ignored its specifics in his RFC determination.

While the Commissioner points out, correctly, that a limitation to simple or unskilled work has been found to account for moderate limitations in most areas of work-related functioning, a "moderate limitation in one's ability to execute simple directions and instructions," if credited by the ALJ, requires that the ALJ "explain how the limitations in his RFC [determination] accounted for [the physician's] 'persuasive' opinion that plaintiff was limited in this domain of functioning, or, why he rejected that portion of [the physician's] opinion in crafting the RFC." *Id.*, 2022 U.S. Dist. LEXIS 132600 at *11-*12 (W.D.N.Y. 2022)(remanding for further proceedings where ALJ credited medical opinion that plaintiff was moderately limited in performing simple tasks, in addition to other moderate mental limitations, but failed to explain how his RFC finding accounted for such a limitation). Similarly, where an ALJ credits a medical opinion describing moderate limitations in sustaining an ordinary work routine and schedule, "the ALJ should explain what a 'moderate limitation' in maintaining regular work attendance would look like in [p]laintiff's case, and how it would be accounted for" in the RFC determination. *Ronda T. v. Commissioner*, 2022

5

U.S. Dist. LEXIS 168952 at *18 (W.D.N.Y. 2022). *See also Luke R. v. Commissioner*, 2022 U.S. Dist. LEXIS 195011 at *17 (W.D.N.Y. 2022)(remand is appropriate where ALJ accorded "great" weight to medical opinion that claimant had moderate limitations in, e.g., maintaining a schedule and completing a workday, but "did not properly explain how she accounted for [that opinion] in the RFC finding").

Where, as here, the ALJ has provided *no* explanation for the facial discrepancies between his RFC finding and a medical opinion he claims to have found "persuasive," the Court cannot assume that the ALJ "implicitly incorporated" the limitations described by the physician into his RFC finding. Rather, "it is incumbent upon the ALJ to provide a detailed rationale for either rejecting the limitations or deeming them accommodate by the limitations stated as part of the RFC assessment, as the combination of even non-marked limitations 'may narrow the range of other work' available" to the plaintiff. *Long v. Berryhill*, 2019 U.S. Dist. LEXIS 55232 at *11-*12 (E.D.N.Y. 2019)(quoting Social Security Ruling 96-08)(remanding matter for further proceedings where ALJ gave "significant" weight to medical opinions describing a combination of moderate and marked mental health limitations, but did not explain how such limitations were accounted-for in the RFC determination). "While even a combination of moderate and marked limitations may not necessarily preclude the ALJ from finding on remand that [p]laintiff may still perform simple and routine tasks, the ALJ must conduct a proper analysis on that issue in the first instance." *Id.*, 2019 U.S. Dist. LEXIS 55232 at *12.

In summary, the ALJ's RFC determination that plaintiff can perform a range of "simple, routine, and repetitive" work is unaccompanied by any explanation of how that RFC accommodates (or if it does not, why not) Dr. Ransom's opinion that plaintiff is "moderately" limited with respect to understanding, remembering, and carrying out simple instructions, and in

maintaining a regular schedule and attendance, in combination with a host of additional moderate limitations. Because such error frustrates this Court's ability to engage in meaningful review of the ALJ's reasoning, remand is necessary.

Because I find that remand is necessary for a redetermination of plaintiff's RFC, I decline to reach plaintiff's alternative arguments that the ALJ erred in later steps of the sequential analysis.

## CONCLUSION

For the forgoing reasons, I find that the ALJ's decision was not supported by substantial evidence, and was the product of legal error.

The plaintiff's motion for judgment on the pleadings (Dkt. #13) is granted, the Commissioner's cross motion for judgment on the pleadings (Dkt. #16) is denied, and the matter is remanded for further proceedings. On remand, the ALJ is instructed to reassess plaintiff's claim and to issue a new decision which, inter alia, sufficiently explains the manner in which the limitations identified in persuasive medical opinions and other evidence are accounted for in the RFC determination.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       December 12, 2022.